IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION


J&N PUBLISHING, LLC d/b/a
JUAN & NELSON PUBLISHING          *
10400 NW 37th TERRACE
DORAL, FL 33178                   *


PREMIUM LATIN PUBLISHING INC.     *
24 WHITE BIRCH DRIVE
POMONA, NY 10970                  *


           Plaintiffs,       *

                      *

  v.                               *

3508 EASTERN, L.L.C.
d/b/a CARLOS O'CHARLIES            *
3508 EASTERN AVENUE
BALTIMORE, MD 21224               *

Serve on:                         *
Ivan R. Brown
3508 Eastern Avenue               *
Baltimore, MD 21224
                      *

CARLOS CRUZ
215 COLUMBINE COURT                *
FOREST HILL, MD 21050
                      *

IVAN R. BROWN
2801 ROCKROSE AVENUE               *
BALTIMORE, MD 21211
                      *

           Defendants.       *

*     *     *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.      Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.      The Plaintiffs named in Column 2[*] of Schedule A are the owners of the copyrights in the works listed in Column 3 of Schedule A, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, defendant 3508 Eastern, L.L.C. is a limited liability company organized under the laws of Maryland, with a principal office at 3508-10 Eastern Avenue, Baltimore, Maryland 21224.

6.      At all times hereinafter mentioned 3508 Eastern, L.L.C.  did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Carlos O'Charlies, located at 3508 Eastern Avenue, Baltimore, Maryland 21224.

---

[*] All references to "columns" herein refer to the numbered columns set forth in of Schedule A.

7.      Musical compositions were and are publicly performed at Carlos O'Charlies.

8.      On information and belief, defendant Ivan R. Brown ("Brown") is an individual who resides or does business in this District.

9.      On information and belief, Brown is a member, principal, director, and/or officer of 3508 Eastern, L.L.C.

10.     On information and belief, defendant Carlos Cruz ("Cruz" and, collectively with Brown and 3508 Eastern, L.L.C., the "Defendants") is an individual who resides or does business in this District.

11.     On information and belief, Cruz is a member, principal, director, and/or officer of 3508 Eastern, L.L.C.

12.     On information and belief, at all times hereinafter mentioned, Brown and Cruz were, and still are, responsible for the control, management, operation, and maintenance of the affairs of 3508 Eastern, L.L.C.

13.     On information and belief, at all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Carlos O'Charlies, including the right and ability to supervise and control the public performance of musical compositions at Carlos O'Charlies.

14.     On information and belief, each Defendant derives a direct financial benefit from the public performance of musical compositions at Carlos O'Charlies.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF**
**PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

15.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 685,000 songwriter, composer, and music publisher members.

16.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17.     Going back several years, ASCAP representatives have made dozens of attempts to contact the Defendants.  ASCAP's representatives have contacted the Defendants or their representatives in person, and also via mail, telephone, and email.

18.     Defendants have refused all of ASCAP's license offers for Carlos O'Charlies.

19.     ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at Carlos O'Charlies constitute infringement of ASCAP's members' copyrights in their musical works.

20.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Carlos O'Charlies, including the copyrighted works involved in this action, without permission, during

the hours that the establishment is open to the public for business and presenting musical entertainment.

21.     The original musical compositions listed in Column 3 of Schedule A were created and written by the persons named in Column 4 of Schedule A.

22.     Each respective original musical compositions listed in Column 3 of Schedule A were published on each respective date stated in Column 5 of Schedule A, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

23.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3 of Schedule A, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6 of Schedule A.

24.     Defendants on the dates specified in Column 7 of Schedule A, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 of Schedule A by giving public performances of the compositions at Carlos O'Charlies, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25.     The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 of Schedule A were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances on the dates at issue.

26.     In undertaking the conduct complained of in this action, Defendants knowingly, intentionally and willfully violated Plaintiffs' rights.

27.     The many unauthorized performances at Carlos O'Charlies include the performances of the three copyrighted musical compositions upon which this action is based.

28.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29.     The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

### COUNT I-COPYRIGHT INFRINGEMENT
### (Registration Number PA 948-083)

30.     Plaintiffs repeat and re-allege paragraphs 1 through 29 as if fully set forth herein.

31.     The foregoing acts by Defendants constitute infringement of the musical composition "TU ERES AJENA" with a Certificate of Registration Number PA 948-083.

32.     Plaintiffs have been harmed, and continue to be harmed, by Defendants' infringement.

33.     On information and belief, Defendants' infringement is willful.

### COUNT II-COPYRIGHT INFRINGEMENT
### (Registration Number PA 1-374-778)

34.     Plaintiffs repeat and re-allege paragraphs 1 through 29 as if fully set forth herein.

35.     The foregoing acts by Defendants constitute infringement of the musical composition "ES TAN DIFICIL" with a Certificate of Registration Number PA 1-374-778.

36.     Plaintiffs have been harmed, and continue to be harmed, by Defendants' infringement.

37.     On information and belief, Defendants' infringement is willful.

## COUNT III-COPYRIGHT INFRINGEMENT
### (Registration Number PA 1-364-094)

38.     Plaintiffs repeat and re-allege paragraphs 1 through 29 as if fully set forth herein.

39.     The foregoing acts by Defendants constitute infringement of the musical composition "MI CORANZONCITO" with a Certificate of Registration Number PA 1-364-094.

40.     Plaintiffs have been harmed, and continue to be harmed, by Defendants' infringement.

41.     On information and belief, Defendants' infringement is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

I.     That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any compositions owned by the Plaintiffs in this case -- and from causing or permitting the said compositions to be performed publicly at Carlos O'Charlies, or in any place owned, operated, managed, or controlled by Defendants, directly or indirectly, and from aiding or abetting the public performance of such compositions in any such place, or otherwise.

II.　　That Defendants be ordered to pay such statutory damages as to the Court

shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand

Dollars ($30,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action

herein.

III.　　That Defendants be ordered to pay the costs of this action and that a

reasonable attorney's fee be allowed as part of the costs.

IV.　　For such other and further relief as may be just and equitable.


Respectfully submitted,

Date: February 25, 2019 　　　　　　　　　　　　　　　/s/

Linda J. Zirkelbach
Federal Bar No.: 14643
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, D.C. 20001
ljzirkelbach@venable.com
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

Heather L. Mitchell
Federal Bar No. 027169
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
hlmitchell@venable.com
Telephone: (410) 244-7681
Facsimile: (410) 244-7742

*Counsel for Plaintiffs*